IN THE CIRCUIT COURT OF PEMISCOT COUNTY, MISSOURI

| | |
|---|---|
| GILBERT R. FRIAS and REBECCA FRIAS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No.: _____ |
| MITSUBISHI HC CAPITAL CANADA LEASING, INC., and GURKAMAL P. S. RANDHAWA, | ) ) ) ) ) |
| Defendants. | ) |

## PETITION FOR WRONGFUL DEATH PURSUANT TO SECTION 537.080, RSMO.

Come now Plaintiffs, Gilbert R. Frias and Rebecca Frias, by their attorney, James M. McClellan, and for their cause of action against Defendants Mitsubishi Capital Canada Leasing, Inc. and Gurkamal P.S. Randhawa, allege as follows:

1. Plaintiffs are husband and wife residing in Scott County, Missouri and at all times relevant hereto was the natural parents of Matthew J. Frias (hereinafter "Decedent") and therefore within the class of persons entitled to maintain an action pursuant to Section 537.080.1(1) RSMo.

2. Defendant Mitsubishi HC Capital Canada Leasing, Inc. (hereinafter "Defendant Mitsubishi") is a Canadian Corporation, doing business in Pemiscot County, Missouri.

3. Defendant Gurkamal P.S. Randhawa (hereinafter "Defendant Randhawa") is a Canadian resident at all times relevant hereto residing in East Garafraxa, Ontario, Canada.

4. Venue and jurisdiction are proper in this Court, pursuant to Section 508.010 RSMo., in that this action arises from conduct with first occurred in Pemiscot County, Missouri.

5. At all times relevant hereto, Defendant Randhawa was acting as an employee, agent, or servant in the scope and course of his employment by the Defendant Mitsubishi.

6. On or about December 10, 2021, Decedent was driving a 2000 Chevrolet S10 vehicle traveling southbound on Interstate 55 near the 2.4 mile marker in Pemiscot County, Missouri.

7. On or about December 10, 2021, Defendant Randhawa had been operating a 2019 Freightliner with a trailer that was parked on the shoulder of Interstate 55 near the 2.4 mile marker in Pemiscot County, Missouri.

8. On or about December 10, 2021, Defendant Randhawa, while acting in the scope and course of employment with Defendant Mitsubishi, improperly parked his truck on the side of the roadway causing the death of Plaintiffs' Decedent.

## COUNT I – RESPONDEAT SUPERIOR AGAINST DEFENDANT MITSUBISHI

9. To the extent they are not inconsistent with this Court, Plaintiffs incorporate the allegations in paragraphs 1-8 as if fully set forth herein.

10. At all times relevant hereto, Defendant Randhawa was acting within the scope and course of his employment with Defendant Mitsubishi.

11. At all times relevant hereto, Defendant Randhawa owed the duty to Plaintiffs to operate Defendant Mitsubishi's vehicle with the highest degree of care.

12. In parking Defendant's vehicle on the shoulder, Defendant Randhawa breached the duty of care and was thereby negligent in one or more of the following respects:
    a. Violated DOT rules;
    b. No flashers on;
    c. No orange triangles along the highway;
    d. Was out of service due to fatigue and improperly stopped on shoulder of highway, as opposed to either the prior or next rest stop.

13. As a direct and proximate result of the negligence of Defendant Randhawa, through his actions as an employee, agent, or servant of Defendant Mitsubishi, Plaintiffs' Decedent suffered conscious pain and suffering and died December 10, 2021.

14. As a direct and proximate result of the negligence of Defendant Randhawa as described herein, Decedent's survivors, the Plaintiffs herein, have lost the love, affection,

services, companionship, comfort, instruction, guidance, counsel, financial assistance, earnings, and support of Defendant and have sustained great pecuniary loss.

15. As a direct and proximate result of the injuries and death of Decedent, funeral and burial expenses were incurred.

WHEREFORE, Plaintiffs pray for judgment for fair and reasonable damages in excess of Twenty-Five Thousand Dollars ($25,000.00) against Defendant Mitsubishi and Defendant Randhawa and each of them for the wrongful death of Defendant, for Plaintiff's costs incurred herein, for all other and further relief allowed pursuant to Section 537.080 RSMo., and for all other relief the Court deems just and proper under the circumstances.

## COUNT II. NEGLIGENCE AGAINST DEFENDANT RANDHAWA

16. To the extent they are not inconsistent with this Court, Plaintiffs incorporate the allegations in paragraphs 1-15 as if fully set forth herein.
17. At all times relevant hereto, Defendant Randhawa owed the duty to Plaintiffs to operate Defendant Mitsubishi's vehicle with the highest degree of care.
18. In parking the vehicle on the shoulder of the road and not following applicable and proper procedures, Defendant Randhawa breached the duty of care and was thereby negligent in one or more of the following respects:
    a. Negligently and carelessly failed to use the highest degree of care in operation of the motor vehicle;
    b. Violated DOT rules;
    c. No flashers on;
    d. No orange triangles along the highway;
    e. Was out of service due to fatigue and improperly stopped on shoulder of highway, as opposed to either the prior or next rest stop.
19. As a direct and proximate result of the negligence of Defendant Randhawa, through his actions as an employee, agent, or servant of Defendant Mitsubishi, Plaintiffs' Decedent suffered conscious pain and suffering and died December 10, 2021.
20. As a direct and proximate result of the negligence of Defendant Randhawa as described herein, Decedent's survivors, the Plaintiffs herein, have lost the love, affection,

Electronically Filed - PEMISCOT - August 14, 2023 - 09:31 AM

       services, companionship, comfort, instruction, guidance, counsel, financial assistance, earnings, and support of Defendant and have sustained great pecuniary loss.

21. As a direct and proximate result of the injuries and death of Decedent, funeral and burial expenses were incurred.

WHEREFORE, Plaintiffs pray for judgment for fair and reasonable damages in excess of Twenty-Five Thousand Dollars ($25,000.00) against Defendant Mitsubishi and Defendant Randhawa and each of them for the wrongful death of Defendant, for Plaintiff's costs incurred herein, for all other and further relief allowed pursuant to Section 537.080 RSMo., and for all other relief the Court deems just and proper under the circumstances.

## COUNT III – INDEPENDENT NEGLIGENCE OF DEFENDANT MITSUBISHI

22. To the extent they are not inconsistent with this Count, Plaintiffs incorporate the allegations in paragraphs 1-21 as if fully set forth herein.

23. Defendant Mitsubishi, in conducting its ordinary business, owed a duty of care to Plaintiff and others who might be foreseeably injured as a result of its failure to carefully train, instruct, monitor and otherwise retain the agents and employees involved in its business.

24. Defendant Mitsubishi breached this duty of care and was negligent in that it failed to adopt, implement, and enforce appropriate safety policies and procedures governing its employees, including Defendant Randhawa who was involved in the crash described herein.

25. As a direct and proximate result of the negligence of Defendant Randhawa, through his actions as an employee, agent, or servant of Defendant Mitsubishi, Plaintiffs' Decedent suffered conscious pain and suffering and died December 10, 2021.

26. As a direct and proximate result of the negligence of Defendant Randhawa as described herein, Decedent's survivors, the Plaintiffs herein, have lost the love, affection, services, companionship, comfort, instruction, guidance, counsel, financial assistance, earnings, and support of Defendant and have sustained great pecuniary loss.

27. As a direct and proximate result of the injuries and death of Decedent, funeral and burial expenses were incurred.

WHEREFORE, Plaintiffs pray for judgment for fair and reasonable damages in excess of Twenty-Five Thousand Dollars ($25,000.00) against Defendant Mitsubishi and Defendant

Randhawa and each of them for the wrongful death of Defendant, for Plaintiff's costs incurred herein, for all other and further relief allowed pursuant to Section 537.080 RSMo., and for all other relief the Court deems just and proper under the circumstances.

Attorney for Plaintiffs

_____
James M. McClellan            #32209
305 North Kingshighway
P.O. Box 825
Sikeston, MO  63801
(573)471-8300 Telephone
(573)471-1974 Facsimile
Email: jmm-law@outlook.com