IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

GILBERT R. FRIAS and )
REBECCA FRIAS )
 )
Plaintiffs, )
 )
v. ) CASE NO.: 1:23-cv-00207-SNLJ
 )
HANJRA TRANSPORTATIONS and )
GURKAMAL P.S. RANDHAWA )
 )
Defendants. )

FILED
MAY 28 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

## ORDER AND JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT

This matter comes before the Court on an Application for Approval of Wrongful Death Settlement between Plaintiffs Gilbert R. Frias and Rebecca Frias ("Plaintiffs"), and Defendants Hanjra Transportations and Gurkamal P.S. Randhawa, pursuant to § 537.095.3 RSMo. Plaintiffs appear in person and with counsel James M. McClellan. Defendants appear by counsel Tyler J. Merkel. Sabrina Marie Yant Frias appears not.

Cause called, jury waived, and evidence by the way of testimony is presented to the Court.

**The Court, being fully advised in the premises, finds as follows:**

1) This cause of action arises out of an automobile-automobile collision that occurred on or about December 10, 2021 on or about southbound Interstate 55 in Pemiscot County, Missouri.

2) That at said time and place, Matthew J. Frias ("Decedent") was involved in a two-vehicle collision when the vehicle he was operating left the traveled portions of the roadway, and for reasons unknown, struck the rear end of a parked vehicle owned by Defendant Hanjra Transportations while Defendant Gurkamal P.S. Randhawa was occupying the sleeper berth. Decedent passed away shortly thereafter at the scene.

3) This matter was originally filed in Pemiscot County Circuit Court and timely removed based upon diversity jurisdiction.

4) Gilbert R. Frias and Rebecca Frias are the surviving parents of Decedent.

5) That Decedent was married to Sabrina M. Yant Frias at the time of his death.

310906796v.1

6) The Court has reviewed the Renunciation and Waiver executed by Sabrina Marie Yant Frias dated January 6, 2022, attached as Exhibit A, to the Application for Court Approval of Wrongful Death Settlement. (ECF No. 58, pg. 5.)

7) The Court finds that this Renunciation and Waiver was properly executed and attested before a notary public, that it is valid, and operates to bar Sabrina Marie Yant Frias' rights as a beneficiary under Missouri's Wrongful Death Statute.

8) Furthermore, the Court finds that an Amended Notice of Hearing was sent to Sabrina Marie Yant Frias on May 15, 2025, via US mail and e-mail by counsel for Plaintiffs. (ECF No. 60) giving her notice of this hearing.

9) Sabrina Marie Yant Frias appears not.

10) That Decedent had no children, natural or adopted, at the time of his death.

11) That Plaintiffs, as the surviving parents of Decedent, are the only members of the class entitled to bring a claim for the alleged wrongful death of Decedent pursuant to §537.080 RSMo.[1]

12) No other individuals entitled to recover under the Missouri Wrongful Death Statute exist.

13) Plaintiffs and their counsel have investigated the facts and circumstances of the occurrence and of the death of Decedent and of the potential elements of damages as set forth in Section 537.090 of the Revised Statutes of Missouri.

14) Plaintiffs knowingly and voluntarily waived their right to a jury trial in this action and understand that if this matter had they proceeded to trial, a jury might have awarded more than the settlement amount, less than the settlement amount, the same amount of the proposed settlement herein, or nothing at all. By entering into this settlement agreement with Defendants, Plaintiffs are knowingly and voluntarily giving up their right to a jury trial for the death of Matthew J. Frias against Defendants.

15) Defendants have denied and continue to deny liability for the death of Decedent.

16) The Court, having reviewed the relevant pleadings filed in this matter and having heard the testimony of Plaintiffs, finds that this settlement is made in good faith, and is fair and equitable to and in the best interests of all parties as presented.

---

[1] Sabrina Marie Yant Frias has waived any claims or causes of action and has not appeared with notice given to contest the proposed Application for Approval of Wrongful Death Settlement.

310906796v.1

17) The Plaintiffs have agreed to settle this matter with Defendants for a total sum of Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000).

18) The Court therefore finds that the settlement of this wrongful death action should be and is hereby APPROVED for a total sum of Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000).

**THEREFORE, the Court orders, adjudges, and decrees as follows:**

1) Counsel for Plaintiffs, James McClellan, has investigated the facts surrounding the accident described herein and earned a fee in this matter of One Hundred and Five Thousand Dollars and Zero Cents ($105,000). Plaintiffs' counsel in this action incurred costs of One Thousand Five Hundred Four Dollars and Twelve Cents ($1,504.12). The Court finds these attorneys' fees and costs incurred to be fair and reasonable.

2) The settlement of Plaintiffs' claims against Defendants for a total sum of Three Hundred and Fifteen Thousand Dollars and Zero Cents ($315,000) is a fair and reasonable compromise of claims with the full amount of payment to be issued payable to "Gilbert and Rebecca Frias and James M. McClellan, their attorney", and is hereby approved. Plaintiffs and their attorney are hereby directed and ordered to distribute the settlement amount as follows:

   a. $105,000 to be paid to James M. McClellan for attorney fees;
   b. $1,504.12 to be paid to James M. McClellan for costs associated and incurred with this litigation; and,
   c. $208,495.88 to be paid to Gilbert Frias and Rebecca Frias.

3) The payment of Three Hundred and Fifteen Thousand Dollars ($315,000) as described hereinabove shall be in full settlement, discharge and satisfaction of any and all claims, demands, and/or causes of actions, which Plaintiffs, or any other individual, may hereafter have against Defendants Hanjra Transportations and Gurkamal P.S. Randhawa, or any other entity or individual on account of or arising out of damage sustained by the wrongful death class as a result of the death of Decedent.

4) Plaintiffs are hereby authorized and ordered to execute releases of Defendants, thereby releasing all claims against Defendants and their affiliates that have arisen and may arise from the death of Decedent, file a duly executed Satisfaction of Judgment at the time of payment of the settlement proceeds referred to herein, and file a Dismissal of this action with prejudice.

Case: 1:23-cv-00207-SNLJ   Doc. #: 63   Filed: 05/28/25   Page: 4 of 4 PageID #: 176

5) Plaintiffs are further ordered to collect and acknowledge receipt of the settlement proceeds in this matter, to acknowledge satisfaction of this judgment, and to distribute said Order and Judgment proceeds as herein described.

6) Plaintiffs shall satisfy all outstanding medical liens for treatment rendered to Decedent arising out of the above-referenced accident and any other outstanding liens encumbered as a result of the accident at issue, if any.

7) Plaintiffs have reached the proposed settlement agreement with Defendants only after taking into consideration the expense, delay, and uncertainty of litigation.

8) The Court hereby approves the settlement of this matter as herein described.

9) Each party shall bear their own costs with the exception of the mediation fee, which by agreement of the parties, shall be paid by Defendants.

10) Upon satisfaction of this Order and Judgment, all claims and causes of action of Plaintiffs, and of anyone else claiming under the Wrongful Death Statute for the death of the Decedent, are hereby barred and extinguished.

**SO ORDERED ON THIS DAY 28TH DAY OF MAY, 2025:**

_____
Hon. Stephen N. Limbaugh, Jr., Senior District Judge
United States District Court, Eastern District of Missouri

310906796v.1